McKinney, J.
delivered the opinion of the court.
This was an action of ejectment in the circuit court of Shelby, for the recovery of three lots of ground in the town of Memphis. Yerdict and judgment were for the lessor of the plaintiff in the court below, and an appeal in error to this court.
To establish a title to the premises sued for in this action, the lessor of the plaintiff, on the trial of the cause, produced a copy of the record of a suit in the circuit court of Shelby, of Trigg & Chester vs. Hart, administrator of William T. Ghol-son, deceased; in which suit the plaintiffs recovered judgment, on the 11th of October, 1839, for f4339 58; and the plea of fully administered having been found for the defendant, there was judgment quando acciderint.
Afterwards, to wit, on the 24th of August, 1841, without any suggestion of record, or order of the court, a scire facias was issued by the clerk of said court, reciting, that it is “sug *579 gested to us, that James H. Gholson, Thomas Gholson, Robert Gholson, Mary Gholson and Jane Gholson, are the heirs at law of the said William T. Gholson, deceased,” &c., and commanding the sheriff to summon them to appear at the October term of said court, next ensuing, “to show cause, if any they have or know, why the said Trigg & Chester shall not have execution of said judgment, to be levied on the lands and tenements in their hands, descended from the said William T. Gholson, deceased.
Upon said scire facias the sheriff made return, that “the within mentioned heirs of William T. Gholson, deceased, are not inhabitants of this State, and are not found in my county, and have no guardian on whom this writ can be served within my knowledge.” On the 28th of January, 1842, an alias writ of sci. fa. issued, on which the same return was made.
At the February term, 1842, judgment was rendered upon said scire facias, that the plaintiffs have execution against the defendants for the sum, in all, of $4939, besides costs of suit, “to be levied of the lands and tenements and real estate of the said William T. Gholson, the defendants’ ancestor, to them descended.”
In this judgment it is not shown, nor is it even recited in the scire facias, or otherwise made to appear in the record, that, in point of fact, there was any real estate, situate within the limits of this State, which descended to the supposed heirs of William T. Gholson from him.
By virtue of an execution issued upon said judgment, the lots of ground described in the declaration were levied upon and sold to Chester, to whom the sheriff made a deed of conveyance for the same. But neither in the sheriff’s return upon, the execution, nor in his deed to the purchaser, is it shown how the title was derived, from whom, or to whom said lots belonged.
*580 Upon the foregoing facts, has the lessor of the plaintiff any valid title to the lots of ground sued for ? We think not.
The act of 1784, ch. 11, provides a method whereby real estate, situate within the limits of this State, may be subjected to the satisfaction of a judgment obtained in our courts, by a proceeding against the heirs of the deceased debtor, after exhausting the personal estate in the hands of the personal representative; whether the heirs, to whom the same may have descended, be residents or non-residents.
This statutory mode of proceeding must be strictly pursued. In the case of resident heirs, there must be personal service of the scire facias upon the heirs; and, if minors, upon their guardian also; and if this be not done, the sale is void. If the heirs be non-residents, and have no guardian within this State, upon whom process can be served, upon the return of two writs of scire facias, setting forth the foregoing facts, the statute directs that judgment shall be given against the real estate in their hands, though no appearance be made for them. This is in the nature of a proceeding in rent, and is not binding on the non-resident heirs, as a judgment in personam. The judgment only binds to the extent of the lands descended, and is not personally binding upon the heirs, or upon any property owned by them within the jurisdiction, not acquired by descent. For the purposes of this proceeding, the return of two writs of sci.fa. constitutes a sufficient ground to au thorize the court to proceed to award execution against the lands descended, but it does not constitute an appearance of the non-resident heirs, in the proper sense, so as to render them personally amenable to the jurisdiction of the court, or thereby to give the court jurisdiction of their persons. The only ground of jurisdiction, in such case, is the fact of such non-resident heirs having real estate by descent, situate within the jurisdiction of the court in which the proceeding is *581 instituted, and from the existence of this fact the jurisdiction of the court alone results.
This proceeding is the exercise of an extraordinary and limited jurisdiction; and, to be valid, the record upon its face must show, not merely that the proceedings are regular in form, but likewise the existence of the facts upon which the jurisdiction rests. And if this be not done, the judgment, and the proceedings in pursuance thereof, will be void.
In order to the validity of a judgment, awarding execution against the lands descended to the heirs under the statute of 1874, it must distinctly appear that the tribunal pronouncing such judgment had rightful jurisdiction, either over the persons of the heirs, or over the lands descended to them. But in the case under consideration, neither ground of jurisdiction is shown to have existed. If the non-resident heirs have not appeared and contested the matter, it must appear from the record that they have lands by descent, situate within the jurisdiction ; for this omission, the proceedings in the present case are a nullity.
The judgment will be reversed, and the cause be remanded for a new trial.